83, 799-01

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 08 2015

Abel Acosta, Clerk

P.O. Box 12308
Texas Court of Criminal Appeals
Austin, Texas - 78711

Re: Ricky Molina, TDCJ# 1910253, Writ of Habeas Corpus;
Cause No. 1307050A.

September 1st, 2015

My name is Ricky Molina and I'm writing pertaining to your advice, assistance, and any information that may help in my case. My case involves two (2) convictions. One from Fort Bend County, Texas, and one from Harris County, Texas. Neighboring counties. The arson that is alleged was a car being burned up that belonged to a young woman named Pshtoia Larosse. The aggravated robbery was Ms. Larosse's car allegedly being stolen at gunpoint. And I'm not saying that those things didn't happen, they very well may have, I just wasn't present or involved in either and have been convicted on both counts for sixteen (16) years in the Department of Criminal Justice.

The arson, in Fort Bend County, happened when a car was reported to be on fire. Upon the police showing up at the scene they speak with witnesses and obtain surveillance from a nearby store. I was never identified, or was there a description given that fit my characteristics. In the surveillance

video my brother's (Carlos Molina) car was identified picking up a young man later identified as Julio Hernandez, who is still at large. My brother ended up signing for ten (10) years of probation, identifying him as the driver. Julio Hernandez was never caught but was identified in the video? Where do I come in?

Well I learned later on in trial for the aggravated robbery, a Fort Bend County Fire Marshall Brownson, testified he obtained a statement and affidavit from my brother saying I did the arson. I was later arrested for the arson and spent about six (6) months in the Fort Bend County Jail before entering into an involuntary plea due to coercion and pressure. I was threatened with immense amounts of time if I was to go to trial and being ignorant to the law, my lawyer assisted in no way. I was then told "or you can sign for the two (2) years now and with your back time be out in no time". I signed. I was scared because I thought if these people feel they have enough evidence to arrest me they might convict me of a crime I didn't commit. It was like a roll of dice and I felt, at the time, I took the safer route.

At no time did I ever see this statement, or affidavit, written by my brother. Upon my conviction the lead detective presented a six pack of photos to the victim. One six pack with only my photo. Not my brothers or Julio Hernandez. Apparently the procedure has changed for line-up procedures. The victim at trial couldn't "recall" anything but seemed sure it was me. Questions asked upon cross-examination to the lead detective about her personal knowledge with misidentification was objected to. It was not allowed. This violates Texas Rules of

Evidence Rule 703. Therefore this case was based solely on an incorrect identification, a recurring problem here in Texas, especially in exonerations. I still as of date have still not seen the affidavit, or statement, by my brother (Carlos Molina). I have asked to see this statement many times. I also asked for it before I filed for a Writ of Habeas Corpus under Article 11.07 of the Texas Code of Criminal Procedure. Fort Bend County Fire Marshall Brownson testified about this statement, or affidavit, and its existence during trial and is entered into record on transcript. How could this "heresay" be entered into record without a tangible affidavit, or statement? Where is this statement, or document?

Not only can the Burden of Proof not be able to be proven, it hasn't been proven. So it seems that I'm trying to prove my innocence instead of being proven I'm truly guilty. The general description given of the suspect of the aggravated robbery could fit thousands of people. The are Supreme Court cases that talk about the weight of testimony of eye witness identification. And in Texas it requires a two witness requirement, except where one has corroborating evidence. So where's the corroborating evidence to prove that I'm guilty, or [by being beneficial to me] prove of my innocence. Nothing is, or can be, certain of this conviction, and proven beyond a reasonable doubt.

Where's the evidence of the weapon? No witnesses heard a gun shot, no shell casings found, and her statement about the weapon is inconsistent along with her testimony about the arrival of the police to the apartment unit.

I'm asking for assistance, guidance, advice, education, publications, and books from someone more experienced in this field.

I'm not asking for you to represent me in any way, just to be pointed in the right direction, and the tools that can provide me a fair part in trial and continuing along the courts trying to prove my innocence, which in reality I should have never been convicted of. Where's the justice at? I'll leave the cause numbers for the cases, appeal, and writ.

Another thing is that I received paperwork from Harris County that may be a denial for my Writ of Habeas Corpus but I'm not entirely sure. I've never received receipt from your courts that you have received my writ application and memorandum. Harris County may not have sent it to you, but I need to know. I'll be pursuing an application for Writ of Mandamus. I thank you for any, and all, time and effort you put into this matter.

Thankfully,

Ricky Molina

Harris County Cause No. 1307050
- Cause No. for Habeas Writ - 1307050A
- Cause No. for direct appeal - 14-14-00084-CR
    Fort Bend County - Arson
- Cause No. 11-DCR-058647
(Pending writ of habeas corpus for Ft. Bend too)

Ricky Molina # 1910253
Pro Se, Defendant
Larry Gist Unit
3295 FM 3514
Beaumont, Texas - 77705